1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                    EASTERN DISTRICT OF CALIFORNIA

9

10   BOYETT CONSTRUCTION, INC., a        No.  2:14-cv-00607-GEB-AC
     California Corporation,
11
                    Plaintiff,
12                                        **ORDER REMANDING CASE TO STATE**
          v.                              **COURT**
13
     ALLIANZ GLOBAL RISKS U.S.
14   INSURANCE COMPANY, a
     California Corporation;
15   ZURICH AMERICAN INSURANCE
     COMPANY, a New York
16   Corporation; NATIONAL UNION
     FIRE INSURANCE COMPANY OF
17   PITTSBURGH, a Pennsylvania
     Corporation; and DOES 1-50,
18   inclusive,

19                    Defendants.

20   AND RELATED CROSS ACTIONS

21

22          Plaintiff moves for an order remanding this case to the

23   Superior Court of California, in and for the County of Placer,

24   from which Defendant National Union Fire Insurance Company of

25   Pittsburgh (hereinafter referenced as "National Union") removed

26   it. In its Notice of Removal, National Union states the removal

27   is made under 27 U.S.C. § 1441(b) based on diversity

28   jurisdiction. However, § 1441(b) merely provides additional rules

                                  1

1  for diversity-jurisdiction removals under § 1441(a); therefore,
2  the removal is construed as one under § 1441(a). National Union
3  and Defendant Allianz Global Risks U.S. Insurance Company oppose
4  the motion.

5       Plaintiff argues "National Union's Notice of Removal is
6  procedurally defective and this case must be remanded" since,
7  Defendant "Zurich [American Insurance Company (hereinafter
8  referenced as 'Zurich')] did not join in or consent to National
9  Union's Notice of Removal," and Plaintiff has failed to provide
10 "a proper explanation as to why Zurich's consent was unable to be
11 obtained." (Mem. P. & A. in Supp. Mot. to Remand 9:22-23, 11-12,
12 21-22, ECF No. 10-1.)

13      28 U.S.C. § 1441(a) prescribes: "[A]ny civil action
14 brought in a State court of which the district courts of the
15 United States have original jurisdiction, may be removed by the
16 defendant or the defendants, to the district court of the United
17 States for the district and division embracing the place where
18 such action is pending." Further, § 1446(b)(2)(A) prescribes:
19 "When a civil action is removed solely under [§] 1441(a), all
20 defendants who have been properly joined and served must join in
21 or consent to the removal of the action." "Ordinarily, under 28
22 U.S.C. § 1446(a), all defendants in a state action must join in
23 the petition for removal, except for nominal, unknown or
24 fraudulently joined parties." Emrich v. Touche Ross & Co., 846
25 F.2d 1190, 1193 n.1 (9th Cir. 1988). "Where fewer than all the
26 defendants have joined in a removal action, the removing party
27 has the burden under section 1446(a) to explain affirmatively the
28 absence of any co-defendant in the notice of removal." Prize

1  Frize, Inc. v. Matrix (U.S.), Inc., 167 F.3d 1261, 1266 (9th Cir.

2  1999).

3        National Union states only the following in its Notice

4  of Removal concerning Zurich's joinder in or consent to the

5  removal: "National Union has not yet been able to obtain joinder

6  from Zurich, who has yet to appear in this matter." (Not. of

7  Removal ¶ 13, ECF No. 1.) However, National Union has not

8  satisfied its burden of showing that the referenced lack of

9  appearance absolves it from having Zurich join in or consent to

10 removal. See Ligutom v. SunTrust Mortg., No. 10-cv-05431 HRL,

11 2011 WL 445655, at *5 (N.D. Cal. Feb. 4, 2011) ("[Defendant] only

12 stated that [co-defendant] had not appeared in the action, and

13 this does not determine whether [co-defendant] needed to join in

14 the Notice of Removal or not."); Loya v. Aurora Loan Servs. LLC,

15 No. 10-cv-0490 VRW, 2010 WL 1929618, at *1 (N.D. Cal. May 12,

16 2010) (holding that a notice of removal stating that a co-

17 defendant "has not appeared in the State Court Action" was

18 defective since it "d[id] not explain affirmatively the absence

19 of non-joining defendants"). Therefore, National Union's Notice

20 of Removal is procedurally deficient since National Union has not

21 satisfied its burden of affirmatively explaining why it failed to

22 obtain Zurich's joinder in or consent to the removal.

23        National Union also states that "[i]f the Court is

24 inclined to find a defect in National Union's Notice of Removal,

25 National Union respectfully requests leave to amend its Notice of

26 Removal." (National Union's Opp'n 8:5-7, ECF No. 11.) However,

27 National Union fails to provide sufficient argument supporting

28 its position that discretion should be exercised as requested.

1   Therefore, Plaintiff's remand motion is granted, and this case is

2   remanded to the Superior Court of California, in and for the

3   County of Placer.

4   Dated:  May 16, 2014

5

6

7   _____
    GARLAND E. BURRELL, JR.
    Senior United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4